Cecil R. SHERMAN, Plaintiff,

v.

WISCONSIN DEPARTMENT OF REVENUE, Defendant.

No. 93–C–627.

United States District Court, E.D. Wisconsin.

Aug. 3, 1993.

Plaintiff, pro se.

No appearance for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Pro se plaintiff, Cecil R. Sherman, currently incarcerated at the Waupun Correctional Institution for possession and delivery of controlled substances, has filed a complaint in which he challenges the constitutionality of an "occupational tax" assessed against him by the Wisconsin department of revenue. Mr. Sherman's complaint is accompanied by a petition to proceed in forma pauperis. For the reasons stated below, the petition will be denied.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (d). The court is obliged to give Mr. Sherman's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

Mr. Sherman readily satisfies the financial requirements for proceeding in forma pauperis. His affidavit of indigence states that he has $53.66 in his prison trust account, that he has $40,852.00 in outstanding debts, and that his only means of income is from employment at Waupun Correctional Institution where he earns 44¢ an hour. Accordingly, I conclude that Mr. Sherman is unable to pay the costs of commencing this action and has satisfied the requirements of 28 U.S.C. § 1915(a).

Mr. Sherman must also demonstrate that his action has merit as required by 28 U.S.C. § 1915(d). As the court has no reason to believe that this action is malicious, it need only determine whether it is frivolous. An action is frivolous for purposes of § 1915(d), if there is no arguable basis for relief either in law or fact. See Denton v. Hernandez, — U.S. —, —, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

In his complaint, Mr. Sherman alleges that on January 4, 1992, he entered a guilty plea in state court to a number of drug-related offenses. On that same day, he was sentenced to twelve years in prison and ordered to pay "fines and Court costs totaling $4000.00." He maintains that on February

20, 1992, the Wisconsin department of revenue attached a $6,300 lien against him pursuant to Wis.Stat. § 139.88 and a $6,300 lien against him pursuant to Wis.Stat. § 139.95. In addition, he asserts that the Wisconsin department of revenue also "attached against [him] an amount of $252.00" pursuant to Wis.Stat. § 139.89. Mr. Sherman contends that the imposition of each of the described tax assessments against him violates his Fifth Amendment right not to be subject to double jeopardy.

■■ Mr. Sherman, in naming the Wisconsin department of revenue as the defendant, is barred from bringing suit in a federal court by the Eleventh Amendment to the United States Constitution. According to the Eleventh Amendment, an unconsenting state is immune "from suits brought in federal courts by her own citizens as well as by citizens in another state." *Employees of the Dept. of Pub. Health & Welfare v. Department of Pub. Health & Welfare*, 411 U.S. 279, 280, 93 S.Ct. 1614, 1616, 36 L.Ed.2d 251 (1973), (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). The Wisconsin department of revenue, a state agency, is considered part of the state for purposes of the Eleventh Amendment. *See e.g. Florida Dept. of Health & Rehabilitative Services v. Florida Nursing Home Assn.*, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981).

■ Mr. Sherman has not alleged that the state of Wisconsin or the department of revenue has waived its immunity to suit in federal court nor has the court's own research uncovered any statute which waives the immunity of the state of Wisconsin or the department of revenue to suits in federal court. Wis.Stat. § 139.93 authorizes "taxpayers [to] appeal adverse determinations by the department to the circuit court for Dane county." This statute does not contain any clear indication that the state or the department of revenue consented to suit in federal court. *See Ford Motor Co. v. Dept. of Treasury of Indiana*, 323 U.S. 459, 465, 65 S.Ct. 347, 351, 89 L.Ed. 389 (1945). The provision of § 139.93 vests original jurisdiction of appeals of adverse tax assessments in the "circuit court for Dane County." It is clear that the Wisconsin legislature contemplated suit only in the state courts. *Ford Motor Co.*, 323 U.S. at 466, 65 S.Ct. at 351–52.

I find that Wisconsin has not waived its immunity under the Eleventh Amendment, and therefore the Wisconsin department of revenue is immune from suit in this federal court. It follows that Mr. Sherman's action is frivolous in law under § 1915(d), and his petition to proceed in forma pauperis will be denied.

■ Further, Mr. Sherman's federal action would be barred by the Eleventh Amendment even if he had named a state officer as a defendant rather than the department of revenue. This is so because state officers are entitled to invoke Eleventh Amendment immunity where the real party in interest is the state and the relief sought is retroactive—payment of funds out of the state treasury to compensate for past violations. *Edelman v. Jordan*, 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974); *Ford Motor Co.*, 323 U.S. at 464, 65 S.Ct. at 350 ("when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants").

Here, Mr. Sherman seeks "dismissal" of the assessments which have been levied against him and removal of the corresponding liens. Such relief, to the extent that it seeks release from perfected liens obtained as a consequence of Mr. Sherman's failure to make monetary payment of the charged taxes, is analogous to a refund—compensation for a past violation—and thus is in essence a claim for recovery of money from the state. *See Ford Motor Co.*, 323 U.S. at 464, 65 S.Ct. at 350–51.

I express no opinion as to whether the plaintiff can proceed in state court.

### ORDER

Therefore, IT IS ORDERED that Mr. Sherman's petition for leave to proceed in forma pauperis be and hereby is denied.

IT IS ALSO ORDERED that Mr. Sherman's action be and hereby is dismissed pursuant to 28 U.S.C. § 1915(d), without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court be and hereby is directed, pursuant to Rule 58, Federal Rules of Civil Procedure, to enter a final judgment dismissing this action pursuant to 28 U.S.C. § 1915(d).